UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P354-H

**JULIUS BLACK**                                                                                   **PLAINTIFF**

**v.**

**JUDGE CHARLES R. SIMPSON III** *et al.*                                                **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Julius Black, a *pro se* federal prisoner, initiated this action by filing a handwritten document entitled "Notice of Plaintiff Filing an Independent Common Law Civil Action Complaint for good cause shown." As Defendants, he names United States District Court Judge Charles R. Simpson III and Assistant United States Attorney Alexander T. Taft, Jr. This matter is before the Court for *sua sponte* screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**I. SUMMARY OF COMPLAINT**

In his complaint, Plaintiff states his cause of action as follows:

Plaintiff states a Common Law Civil action Complaint Claim Cognizable in a case at common law against the federal offical U.S. District Court Judge Charles R. Simpson III and District Attorney Alexander T. Taft, Jr. federal offical file May 12, 2000 Proceeding in the Course of a Criminal file Case Number: 3:99CR-00026-005-S U.S. -V- Julius Black was without Probable Cause by Judge made law a decloratory decree was violated as file May 12, 2000 violating the declaration of Independence of 1776 Pursuant to the first Congress sess-1-ch20-1789 sect 1 sect 9 and in Congress July 4, 1776. The unanimous declaration of the thirteen United States of America and the Northwest Ordinance 1787 USCA Article II (May 12, 2000) Proceed in a Criminal Case Judge made law violated action of law or in equity that were merged into a single civil action.

## II.  LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 604.  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, -- U.S. -- , 127 S. Ct. 1955, 1965 (2007) (internal citations omitted).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1964-65 (citations omitted; alteration in *Twombly*).  In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## III.  ANALYSIS

A review of the complaint reveals that Plaintiff is attempting to bring this action under the Declaration of Independence and the Northwest Ordinance.  However, neither provides Plaintiff with a cognizable basis for his suit.

There is no private right of action to enforce the Declaration of Independence. *See Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996) ("While the Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty and the pursuit of Happiness,' it does not grant rights that may be pursued through the judicial system." (citation omitted)). Likewise, the Northwest Ordinance does not provide Plaintiff with a basis for seeking relief in this Court. "On July 13, 1787—two years before the Constitution of the United States was adopted—Congress enacted the Northwest Ordinance." 16 AM. JUR. 2D *Constitutional Law* § 7 (2008). "The territory to which the ordinance applied included all of present-day Michigan, Indiana, Illinois, Wisconsin, and Ohio, and part of Minnesota." *Id.* "The federal courts have generally held that the Ordinance was superseded by the adoption of the Constitution of the United States on the ground that the Constitution places all the states of the Union on an equal basis, which would not be the case if the Ordinance continued to be in force after the adoption of the organic law." *Id.*

Furthermore, to the extent that Plaintiff is seeking monetary relief against these federal officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), both Defendants are immune from suit as their actions in his criminal action were clearly within the scope of their respective duties as judge and prosecutor. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Burns v. Reed*, 500 U.S. 478, 486 (1991). Finally, to the extent Plaintiff is seeking equitable relief in the form of a reduction or modification of his sentence, he must file a motion pursuant to 28 U.S.C. § 2255. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (explaining that a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court).

For the foregoing reasons, the Court lacks the authority to modify Plaintiff's sentence as part of the relief of a "Common Law Civil Action" against a judge and prosecutor. Accordingly, the Court will enter a separate Order dismissing this action for failure to state a claim.

Date:

cc:     Plaintiff, *pro se*
4412.005